UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICAH GODFREY,<br><br>Defendant. | Cr. No.  S-10-117 KJM<br><br><br><br>ORDER |

       This case was on calendar on April 2, 2014 for a dispositional hearing on two petitions alleging defendant violated terms of his supervised release. Michael Petrik, Assistant Federal Defender, appeared for defendant, who was present in court; Olusere Olowoyeye, Assistant United States Attorney, appeared for the government. This order addresses only the petition filed on August 19, 2013. ECF No. 60. The court will address the other petition, filed February 3, 2012, ECF No. 50, at a further hearing on May 7, 2014.

I. BACKGROUND

       On August 19, 2013, Glenn Simon, Senior Probation Officer, filed the instant petition for a hearing on defendant's alleged violation of the terms of his supervised release. ECF No. 60. The petition alleged defendant was arrested on March 28, 2013 in Chilliwack, British Columbia. During the search of the motorhome in which defendant had been living, Canadian authorities found, among other things, a 12-gauge shotgun, the barrel of which had been sawed

1

off from 36 inches to approximately 12 inches. *Id*. at 2-3. A mandatory condition of defendant's supervised release was a prohibition on the possession of any firearms. *Id*. at 2.

On August 28, 2013, defendant denied the charge in the August 19 petition and the court set the matter for hearing. ECF No. 62.

At the hearing on February 26, 2014, Officer Simon testified he had been in email correspondence with and had spoken to Canadian Inland Enforcement Officer Christopher Schwartz, who provided Simon with documentation about the arrest and a photograph of what was seized from defendant's motorhome. 2/26/14 RT at 9. Schwartz also provided an unsigned declaration recounting Canadian law enforcement's contact with defendant. *Id*. at 10-11, 14. Schwartz averred that several days after defendant's arrest, Canadian authorities searched defendant's motorhome and found the shotgun and shotgun cartridges. *Id*. at 12. Simon was unable to provide any information on where the motorhome was stored or how it was secured between its seizure and the arrest of defendant on March 28 and the search on April 3, 2014. *Id*. at 15, 20-21.

II. ANALYSIS

Although the Sixth Amendment right to confront witnesses does not apply to the admission of hearsay evidence during hearings to revoke a defendant's supervised release, *United States v. Hall*, 419 F.3d 980, 985 (9th Cir. 2005), a releasee still has a due process right to confront witnesses during the proceedings. *Id*. at 986; FED. R. CR. P. 32.1(b). In *United States v. Comito*, the Ninth Circuit said that a releasee "is guaranteed the right to confront and cross-examine adverse witnesses at a revocation hearing, unless the government shows good cause for not producing the witness." 177 F.3d 1166, 1170 (9th Cir. 1999) (citing *Morrissey v. Brewer*, 408 U.S. 47, 489 (1972)). "This right of confrontation ensures that a finding of a supervised release violation will be based on verified facts." *Id*. This court thus "must weigh the releasee's interest in his constitutionally guaranteed right to confrontation against the Government's good cause for denying it." *Id*.

The Ninth Circuit recognized that the releasee's right to confrontation is "not static" and its significance must be evaluated by considering "the importance of the hearsay

1  evidence to the court's ultimate finding and the nature of the facts to be proven by the hearsay
2  evidence." *Id.* at 1171.  Similarly, there is no fixed definition of good cause, but "[w]hether a
3  particular reason is sufficient cause to outweigh the right of confrontation will depend on the
4  strength of the reason in relation to the significance of the releasee's right.  In some instances,
5  mere inconvenience or expense may be enough; in others, much more will be required." *Id.* at
6  1172.

7  In this case, the only evidence defendant possessed the shotgun is the hearsay
8  statement of Inland Enforcement Officer Schwartz.  The government argues it has shown good
9  cause for its failure to produce Officer Schwartz because he is outside this court's jurisdiction.
10 ECF No. 72 at 2.  It also says that Officer Simon relied on Schwartz's "sworn but unsigned"
11 declarations about the arrest and seizure.  *Id.* at 3.  The government does concede it should have
12 accepted Schwartz's offer to send a signed declaration by facsimile, but argues its failure to do so
13 is not fatal because the lack of the signature does not undercut Schwartz's declarations, bolstered
14 by a photograph of the seized weapon.  *Id.* at 3.

15 The court agrees the government faced some challenges in securing Officer
16 Schwartz's testimony, but in light of the importance of that testimony to the issues before the
17 court, this difficulty does not establish good cause.  In *United States v. Martin*, the Ninth Circuit
18 found the difficulty and expense of securing the witness who provided the only evidence the
19 defendant had violated probation to carry little weight, "because the government provided
20 absolutely *no* substitute for live sworn testimony," such as "'affidavits, depositions, and
21 documentary evidence.'" 984 F.2d 308, 313 (9th Cir. 1993) (emphasis in original) (quoting pre-
22 Parole Act case of *Gagnon v. Scarpelli*, 411 U.S. 778, 783 n.5 (1973)).  In this case as well, the
23 government made no attempt to secure a substitute for live sworn testimony, but rather relied on
24 unsigned declarations, which this court would not credit even in a civil case.  *See, e.g., Fresno*
25 *Rock Taco, LLC v. Nat'l Surety Corp.*, No. CV F 11–0845 LJO BAM, 2012 WL 3260418, at *7
26 (rejecting an unsigned declaration on summary judgment and noting that 28 U.S.C. § 1746
27 requires an affidavit to be signed under the penalty of perjury and dated); *Blaine v. Adams*, No.
28 1:05–CV–00088–DGC, 2009 WL 2824743, at *2 (refusing to consider an unsigned declaration in

opposition to a motion for summary judgment).  As the details in the unsigned declarations provide the only evidence of defendant's alleged violation, defendant's due process right to confront the witness would be violated if the court relied on those declarations.

IT IS THEREFORE ORDERED that the violation petition filed August 19, 2013, ECF No. 60, is dismissed.

DATED: April 10, 2014.

_____
UNITED STATES DISTRICT JUDGE